IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 06–cv–01417–EWN–BNB

OLGA SHYLAYEVA-KUCHAR,

    Plaintiff,

v.

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
a Massachusetts corporation,

    Defendant.

---

**ORDER AND MEMORANDUM OF DECISION**

---

This is an insurance case. Plaintiff Olga Shylayeva-Kuchar has asserted seventeen causes of action against Defendant Liberty Mutual Fire Insurance Company for its alleged failure to pay a claim filed under her uninsured motorist policy. This matter is before the court on Plaintiff's "Motion to Remand," filed August 2, 2006. Jurisdiction is premised upon 28 U.S.C. § 1332, diversity of citizenship.

**FACTS**

*1.   Factual Background*

The following facts are taken from Plaintiff's complaint. On May 18, 2004, Plaintiff was injured in an automobile accident in which she sustained injuries and damages, including $450,000 in "future medical expenses." (Compl. ¶¶ 12–13, 21, 27 [filed June 20, 2006].) At the time of the

accident, Plaintiff was insured by Defendant under an automobile liability insurance policy that provided uninsured/underinsured motorist ("UM") benefits, subject to a policy limit of $100,000. (*Id.* at 10.) Under the terms of the insurance contract, the other driver involved in the accident was considered "underinsured" because the driver's liability coverage, which was capped at $25,000, was less than the policy limits of Plaintiff's UM policy. (*Id.* ¶ 16–17.) Prior to the commencement of this suit, Defendant gave consent for Plaintiff to settle her claims against the other driver for $25,000, and Plaintiff settled such claims. (*Id.* ¶ 19.) Plaintiff subsequently submitted a claim for UM benefits under her contract with Defendant, asserting that her damages exceeded her settlement with the other diver. (*Id.* ¶ 20.)

## *2.    Procedural History*

On June 20, 2006, Plaintiff filed a complaint in the District Court of Boulder County, Colorado. (Compl.) On July 20, 2006, Defendant filed a notice of removal in this court, asserting this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship. (Notice of Removal [filed July 20, 2006].) On July 25, 2006, Defendant filed its answer. (Answer [filed July 25, 2006].) On August 3, 2006, Plaintiff filed a motion to remand, asserting that removal was improper because Defendant failed to "affirmatively show [sic] that the minimum amount in controversy is $75,000." (Mot. to Remand at 2 [filed Aug. 3, 2006] [hereinafter "Pl.'s Br."].) On August 16, 2006, Defendant filed its response. (Def.'s Resp. in Opp'n to Mot. to Remand [filed Aug. 16, 2006] [hereinafter "Def.'s Resp."].) On October 2, 2006, Defendant filed a supplement to its response. (Supplement to Def.'s Opp'n to Mot. to Remand [filed Oct. 2, 2006] [hereinafter "Def.'s Suppl."].) Plaintiff did not file a reply brief. On

October 10, 2006, as this court was finalizing its opinion on Plaintiff's motion to remand, Plaintiff filed a motion to withdraw her motion to remand.[1] (Unopposed Mot. to Withdraw Pl.'s Mot. to Remand [filed Oct. 10, 2006].)

## ANALYSIS

### *1.   Removal Pursuant to Diversity Jurisdiction*

Federal courts are courts of limited jurisdiction, empowered to hear only those cases authorized and defined in the Constitution which have been entrusted to them under a jurisdictional grant by Congress. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 511 (10th Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 [1986]) (further citations omitted). When a federal court lacks subject matter jurisdiction over a dispute, the court must remand the action to state court. 28 U.S.C. § 1447(c) (2006). This rule is inflexible and without exception, requiring a court to deny jurisdiction in all cases where jurisdiction does not affirmatively appear in the record. *Amundson & Assoc. Art Studio, Ltd. v. Nat'l Council on Compensation Ins., Inc.*, 977 F. Supp. 1116, 1120–21 (D. Kan. 1997) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites*, 456 U.S. 694, 702 [1982]).

Congress created diversity jurisdiction by statute to allow federal courts to entertain suits where the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332 (2006). "'The courts must rigorously enforce

---

[1] In light of the court's decision that Plaintiff's counsel must show cause why Plaintiff's motion to remand is not sanctionable under Federal Rule of Civil Procedure Eleven, *see infra Analysis* § 3, the court opted: (1) to issue this order, which denies Plaintiff's motion to remand; and (2) to deny Plaintiff's motion to withdraw her motion to remand as moot.

Congress' intent to restrict federal jurisdiction in controversies between citizens of different states.'" *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (quoting *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 [10th Cir. 1998]). The removal statute is, therefore, strictly construed when removal is based on diversity jurisdiction. *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982); *Consumer Crusade, Inc. v. Fairon & Assoc., Inc.*, 379 F. Supp. 2d 1132, 1138 (D. Colo. 2005). Further, because removal occurs when the plaintiff has instituted suit in state court, there is a presumption against removal based on diversity, and any uncertainty is resolved in favor of remand. *Martin*, 251 F.3d at 1289 (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 [10th Cir. 1995]).

For a defendant to remove an action to federal court, it must prove by at least a preponderance of the evidence that the plaintiff's claims exceed the jurisdictional amount in controversy. *Martin*, 251 F.3d at 1290. For the purposes of diversity jurisdiction, the amount in controversy is ordinarily determined by the allegations in the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Martin*, 251 F.3d at 1290 (citing *Laughlin*, 50 F.3d at 873). The sum claimed by a plaintiff in the complaint controls if it appears the claim was made in good faith. *Adams v. Reliance Standard Life Ins.*, 225 F.3d 1179, 1183 (10th Cir. 2000) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 [1938]). While punitive damages and attorney fees are a part of the amount in controversy, *see Woodmen of the World Life Insurance Society v. Manganro*, 342 F.3d 1213, 1217–18 (10th Cir. 2003), costs and interest are excluded therefrom. *See* 28 U.S.C. § 1332(b) (2006).

*2.      Application*

Plaintiff asserts that "Defendant has failed in its burden to affirmatively show [sic] that the minimum amount in controversy is $75,000." (Pl.'s Br. at 2.)  Additionally, Plaintiff nebulously states she "did not demand any particular amount in the [c]omplaint, and no evidence has been offered to determine whether his [sic] case exceeds the threshold for federal jurisdiction." (*Id.* at 3.)  Defendant argues that Plaintiff's motion ignores her own allegation that her future economic losses resulting from her accident total $445,000. (Def.'s Resp. at 3.)  Further, Defendant notes that: (1) the remaining UM policy limit at issue in the case is $75,000; and (2) Plaintiff also seeks treble damages and attorney fees. (*Id.* at 3, 5.)  Finally, Defendant states that "Plaintiff also ignores the fact that she . . . filed a pleading with the Boulder County District Court, electing to exclude this case from simplified discovery under the Colorado Rules of Civil Procedure," and the only ground for such an election is that Plaintiff "seeks in excess of $100,000 in damages in this case." (*Id.* at 3.)  As set forth below, my review of the complaint and Defendant's notice of removal confirms each of Defendant's arguments.  Accordingly, I find that Defendant has met its burden of proof to show the amount in controversy exceeds $75,000, and therefore deny Plaintiff's motion to remand.

Plaintiff's own allegations in the complaint alone suffice to establish an amount in controversy in excess of the statutory threshold.  *See Martin*, 251 F.3d at 1290 (stating amount in controversy is ordinarily determined by allegations in complaint).  In the complaint, Plaintiff asserts her contract with Defendant provides her with $100,000 in UM coverage. (Compl. ¶ 10.) Plaintiff states she settled her claims against the underinsured driver who caused her alleged

injuries for $25,000. (*Id.* ¶ 19.) Plaintiff then requests the court "to determine her rights under the uninsured motorist coverage in the contract of insurance . . . and *to find that the benefits are payable in full.*" (*Id.* ¶ 58 [emphasis added]; *see also id.* [subsequent wherefore clause stating "Plaintiff request [sic] the [c]ourt to find that she is entitled to full benefits under the policy and such other and further relief"].) Defendant indicates that in light of Plaintiff's $25,000 settlement with the other driver, "the remaining UM policy limit sought by Plaintiff in this case is $75,000." (Def.'s Resp. at 3.) I will hold Defendant to this assertion,[2] since Plaintiff is entitled to a presumption against removal based on diversity. *See Martin,* 251 F.3d at 1289. Thus, the unequivocal language of Plaintiff's complaint indicates that Plaintiff seeks the full amount of benefits to which she is entitled under her UM policy: $75,000. This amount alone is a penny shy of satisfying the amount in controversy requirement. *See* 28 U.S.C. § 1332(a) (requiring "matter in controversy [to] exceed[] the sum or value of $75,000").

One of the seventeen claims Plaintiff asserts in her complaint is bad faith breach of insurance contract. (Compl. at ¶¶ 67–83.) An insured injured by a bad faith breach of an insurance contract "is entitled to recover damages based upon traditional tort principles of compensation for resultant injuries actually suffered, including emotional distress, rather than upon concepts derived from contract law." *Farmers Group, Inc. v. Trimble*, 658 P.2d 1370, 1375 (Colo. Ct. App. 1982), *aff'd*, 691 P.2d 1138 (Colo. 1984). Thus, Plaintiff's bad faith breach of contract claim factors into the amount in controversy calculation.

---

[2]The court makes no final determination as to whether Defendant is entitled to such a setoff under either its contract with Plaintiff or relevant state law.

Finally, Plaintiff requests the court award her "attorney fees and treble damages." (*Id.* ¶ G.) This request, together with Plaintiff's $75,000 claim under her UM policy and her unspecified damages under her bad faith breach claim, unequivocally demonstrate that the minimum amount in controversy in this case surpasses the statutory threshold and, thus, forecloses the possibility of remand. *See Woodmen of the World*, 342 F.3d at 1217–18 (considering request for attorney fees and punitive damages in calculating amount in controversy).

Moreover, allegations made in Defendant's notice of removal buttress the inevitable conclusion that Plaintiff's claims exceed the amount in controversy required to support diversity jurisdiction. *See Martin,* 251 F.3d at 1290 (stating that courts may look to allegations in notice of removal in determining whether grounds for diversity jurisdiction exists). As Defendant emphasizes in its notice of removal, when the case was pending in the Boulder County District Court, Plaintiff filed a state court "Notice to Elect Exclusion from C[olorado] R[ule of] C[ivil] P[rocedure] 16.1 Simplified Procedure." (Notice of Removal, Ex. 2 [Exclusion Election].) Colorado Rule of Civil Procedure 16.1 provides special rules of simplified procedure for cases in which a party seeks damages of less than $100,000 and, thus, requires any party seeking a monetary judgment in excess of $100,000 to file a notice to elect exclusion from the rule's application. Colo. R. Civ. P. 16.1 (2006). Standing alone, Plaintiff's election to exclude herself from the application of this rule would suffice to prove her claims in this case exceed $75,000.

While Plaintiff offers up four ethereal pages summarizing the law concerning a defendant's burden on removal, she neglects to apply that law to the hard facts raised in either her complaint

-7-

or Defendant's notice of removal.³ (*See* Pl.'s Br., *passim.*) Indeed, Plaintiff fails to make any reference whatsoever to: (1) her request that the court find she is entitled to full benefits under her $100,000 UM policy; (2) her bad faith breach of contract claim, which would entitle her to recover under tort principles; (3) her request for attorney fees and treble damages; or (4) her election to exclude her case from the application of Colorado Rule of Civil Procedure 16.1. As discussed above, however, these factors are fatal to Plaintiff's motion to remand.

### 3.     *Rule Eleven Sanctions*

On September 29, 2006, Plaintiff submitted "Plaintiff [sic] Supplement to Scheduling Order" to both Defendant and presiding Magistrate Judge Boland. (Def.'s Suppl., Ex. A [Pl. Suppl. to Scheduling Order].) The document includes the following "computation of damages" based on Plaintiff's claim for bad faith breach of contract: (1) $5,000 to $10,000 for outstanding medical bills; (2) "[a]pproximately $445,768.79 [to] $487,018.79" for future medical costs; (3) undetermined non-economic damages; and (4) undetermined damages for "[p]ermanent [p]hysical [i]mpairment." (*Id.*, Ex. A at 1–2 [Pl.'s Suppl. to Scheduling Order].) Plaintiff further asserts that she is entitled to: (1) $75,000 for breach of contract; and (2) attorney fees and treble damages under the Colorado Consumer Protection Act. (*Id.*) On the same day, Plaintiff also submitted

---

³Plaintiff does allege that Defendant's "notice of removal simply alleges the amount in controversy." (Pl.'s Br. at 3.) Plaintiff's unfounded statement raises the question whether Plaintiff *read* Defendant's notice of removal. (*See* Notice of Removal ¶ 11 [citing specific paragraphs of Plaintiff's complaint and other evidence as proof that Plaintiff's claims exceed the requisite amount in controversy].) *C.f. Laughlin*, 50 F.3d at 873 (remanding where plaintiff's complaint merely alleged two claims for damages, each "in excess of $10,000," and where defendant's notice of removal failed to refer to an amount in controversy).

"Plaintiff [sic] Second Disclosures," which contains the identical "computation of damages." (*Id.*, Ex. B at 2 [Pl.'s Second Disclosures].)[4]

The jarring irreconcilability of Plaintiff's complaint, motion to remand, and subsequent submissions to the magistrate judge cannot be overstated—nor can their sanctionability be overlooked. Rule Eleven provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation[.]

Fed. R. Civ. P. 11(b)(1) (2006). "[A] *sua sponte* award of sanctions requires the issuance of a show cause order, with reasonable opportunity to respond." *Laurino v. Tate*, 220 F.3d 1213, 1219 (10th Cir. 2000) (citing *Hutchinson v. Pfeil*, 208 F.3d 1180, 1184 [10th Cir. 2000]). A court making such an order must specifically describe the conduct implicating the rule. Fed. R. Civ. P. 11(c)(1)(B); *Hutchinson*, 208 F.3d at 1184. In the present case, Plaintiff's counsel has staked out two positions so wildly incompatible as to give rise to a strong inference that Plaintiff's counsel is acting with an "improper purpose." Fed. R. Civ. P. 11(b)(1). Plaintiff's counsel has asserted that this court lacks subject-matter jurisdiction over the instant case because the amount in controversy is indeterminate, but then, while the motion to remand was pending, twice offered a precise determination to the magistrate judge of Plaintiff's damages, which when calculated

---

[4]The court notes that amounts of the damages asserted in the above-cited documents are commensurate with the amounts suggested in Plaintiff's complaint. (*See* Compl. ¶¶ 21, 27, 58, 71.)

conservatively, surpasses the amount in controversy requirement *ten times over*.  (*Compare* Pl.'s Br., *with* Def.'s Suppl., Ex. A [Pl.'s Suppl. to Scheduling Order], Ex. B [Pl.'s Second Disclosures].)  Counsel is talking out of both sides of his mouth, and one side is clearly taking liberty with the truth.

      Moreover, Plaintiff's motion to remand attempts to whitewash the fact that both the complaint and Plaintiff's election to exclude her case under Colorado Rule of Civil Procedure 16.1 unequivocally establish that her claims surpass $75,000.  (*See* Compl. ¶¶ 21, 27, 58, 71; Notice of Removal, Ex. 2 [Exclusion Election].)  The court can see no justification for: (1) counsel's submission of the motion to remand in the first place; or (2) counsel's failure to withdraw Plaintiff's motion to remand immediately after making the aforementioned submissions to the magistrate judge.  I further note that in another case presently pending before me, Plaintiff's counsel filed a *verbatim copy* of the motion to remand at issue in this case.  (*See Knowles v. Am. Family Mut. Ins.*, 06–cv–01297–EWN–PAC, docket #6, Motion to Remand [filed Aug. 2, 2006].)  While this fact sheds some light the confounding absence of factual argument in Plaintiff's motion to remand, the court is nevertheless mystified by counsel's improvident decision to file this unavailing motion once—let alone twice in two different cases.  Accordingly, Plaintiff's counsel has ten days to submit to the court an explanation demonstrating how his conduct has not run afoul of Rule 11(b)(1)'s requirement that pleadings, motions, and other papers be filed for a "proper purpose."  *See* Fed. R. Civ. P. 11(b)(1); *Hutchinson*, 208 F.3d at 1184 (stating that court must give counsel reasonable opportunity for attorney to demonstrate he has not violated Rule Eleven).

### *4.      Conclusion*

Based on the foregoing it is therefore ORDERED that:

1.      PLAINTIFF's motion (#11) is DENIED.

2.      PLAINTIFF's motion (#24) is DENIED as moot.

3.      PLAINTIFF'S COUNSEL shall show cause in writing, within ten days, why the court should not impose sanctions for violations of Federal Rule of Civil Procedure 11(b)(1).

4.      The Unopposed Motion to Vacate Hearing on Plaintiff's Motion to Remand (#26) is GRANTED.

Dated this 13th day of October, 2006

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge